## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

D.W., JR., by and through his
Next Friend, LENA PATIERNO,

      Plaintiff,

v.

                                         CASE NUMBER:
                                         HONORABLE:

WHITTEMORE-PRESCOTT AREA SCHOOLS,
LORI KLATT, and DOROTHY MARKILLE,
in their individual and official capacities,

      Defendants.

_____/

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

_____/

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING
OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE
COMPLAINT

## COMPLAINT AND JURY DEMAND

      **NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER

TRAINOR & ASSOCIATES, and for his Complaint against the above-named

Defendants, hereby states as follows:

1.    Plaintiff D.W., Jr. is a minor child (who was born in 2015), and is currently a resident of the City of Romulus, County of Wayne, State of Michigan.

2.    Lena Patierno is Plaintiff's biological mother and will be acting as Plaintiff's Next Friend.

3.    Lena Patierno is also currently a resident of the City of Romulus, County of Wayne, State of Michigan.

4.    At all relevant times herein, Plaintiff was a student at Whittemore-Prescott Elementary School, located in the City of Whittemore, County of Iosco, State of Michigan; and which is a part of Defendant Whittemore-Prescott Area Schools.

5.    Defendant Whittemore-Prescott Area Schools is a public school district and a municipal and governmental subdivision organized and existing under the laws of the State of Michigan.

6.    At all relevant times mentioned herein, Defendant Lori Klatt is and/or was a teacher employed by Defendant Whittemore-Prescott Area Schools, and she was acting within the course and scope of her employment, under color of law, and in her individual and official capacities.

7.    At all relevant times mentioned herein, Defendant Dorothy Markille, was a paraprofessional employed by Defendant Whittemore-Prescott Area Schools,

and she was acting within the course and scope of her employment, under color of law, and in her individual and official capacities.

8.  That all of the incidents giving rise to this cause of action occurred in the City of Whittemore, County of Iosco, State of Michigan.

9.  Jurisdiction is vested in this Honorable Court pursuant to 28 U.S.C. § 1331 [federal question], 28 U.S.C. [civil rights], and 28 U.S.C. § 1367(a) [supplemental jurisdiction for state law claims].

10. Venue is proper pursuant to 28 U.S.C. § 1391(b).

11. That this action involves violations of the United States Constitution, 42 U.S.C. § 1983, as well as state law claims.

12. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including costs, interest, and attorney fees.

## FACTS

13. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

14. Plaintiff is African American.

15. At all relevant times, Plaintiff was five (5) years of age, and was enrolled as a kindergarten student at Whittemore-Prescott Elementary School ("WPE") for the 2020-2021 school year.

16.     Defendant Klatt was Plaintiff's kindergarten teacher, and Defendant Markille was a paraprofessional who assisted in the kindergarten classroom as well.

17.     At the time of the incidents complained of, WPE's student body consisted predominantly of Caucasian students, and Plaintiff was clearly in the minority race classification.

18.     Throughout the entirety of the 2020-2021 school year, Plaintiff endured repeated harassment, bullying, discrimination, segregation, and otherwise other unlawful behavior by his fellow students, as well as Defendants Klatt and Markille, because of his race.

19.     Throughout the entirety of the 2020-2021 school year, fellow students would refer to Plaintiff as "n*****" and "little n*****" and would refer to his mother as a "n***** lover;" students would also tell Plaintiff that his skin was "dirty."

20.     Although complaints about the behavior were made to school officials, the school officials said there was nothing they could do and that kids would be kids.

21.     In December of 2020, Defendant Markille saw Plaintiff standing next to a school locker; Plaintiff was not causing a disruption or otherwise engaged in any inappropriate behavior.

22.    While Plaintiff was standing next to the locker, Defendant Markille walked up to the back of Plaintiff, grabbed Plaintiff by the back of his neck, and forcefully and violently slammed his face into the locker.

23.    As Defendant Markille slammed Plaintiff's face into the locker, Defendant Markille's nails dug into the back of Plaintiff's neck which caused him to bleed and develop scabbing.

24.    When complaints about the racial harassment and discrimination were told to Defendant Klatt, she said there was nothing she could do about how Plaintiff was being treated because of his race.

25.    On or about January 21, 2021, Plaintiff was lining up for class dismissal and was not misbehaving or otherwise engaging in disruptive behavior.

26.    At that time, Defendant Klatt approached Plaintiff, raised her hand, and using an open palm, struck Plaintiff across his face for absolutely no legitimate reason whatsoever.

27.    Throughout the 2020-2021 school year, Defendants Klatt and Markille refused to take any steps to prevent the racially motivated harassment made against Plaintiff and allowed Plaintiff to be targeted by racially motivated harassment on nearly a daily basis.

28.    Throughout the 2020-2021 school year, Defendants Klatt and Markille racially targeted Plaintiff by segregating him from his Caucasian classmates,

forced Plaintiff to sit by himself, forced Plaintiff to sit in the corner by himself, and otherwise refused to allow him to associate with the other Caucasian students.

29. Defendants Markille and Klatt saw and were aware of the discriminatory actions taken against Plaintiff and yet did nothing to stop the unlawful actions from occurring.

30. Plaintiff's time at WPE saw him assaulted, harassed, bullied, and segregated because of the color of his skin.

31. The actions/inactions of Defendants with respect to Plaintiff were taken solely because of Plaintiff's race.

32. As a result of Defendants' actions and/or inactions, Plaintiff suffered injuries and damages.

## COUNT I
## 42 U.S.C. § 1983 EXCESSIVE FORCE
## IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE
## FOURTEENTH AMENDMENT
## AS TO DEFENDANTS KLATT AND MARKILLE

33. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

34. Plaintiff had a Fourteenth Amendment liberty interest in freedom from bodily injury, integrity, and security; which was violated by Defendants Klatt and Markille.

35. The force used by Defendants Klatt and Markille was violative of the United States Constitution and was otherwise conscience shocking.

36. The force used against Plaintiff was severe, disproportionate to the need presented, and otherwise malicious and/or sadistic, such that it amounted to an abuse of power.

37. As a direct and proximate result of the actions and/or inactions of Defendants Klatt and Markille, Plaintiff suffered injuries and damages.

38. Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, including interest, costs, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), not including interest, attorney fees, and costs.

## COUNT II
## ASSAULT AND BATTERY
## AS TO DEFENDANTS KLATT AND MARKILLE

39. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

40. Defendants' actions were not undertaken in good faith and were not discretionary; but were otherwise undertaken with malice.

41.  At all material times mentioned herein, Defendants threatened and/or caused Plaintiff to be threatened with involuntary, unnecessary, and/or excessive physical contact.

42.  At all material times herein, the physical contact and/or threat of contact referred to herein was inflicted upon Plaintiff by Defendants.

43.  That the physical contact was unnecessary and excessive; and furthermore, the physical contact was without probable cause and/or any legal justification whatsoever.

44.  As a direct and proximate result of the assaults and batteries inflicted upon Plaintiff as described herein, Plaintiff sustained injuries and damages.

45.  Defendants' actions were so egregious and so outrageous, that Plaintiff's damages were heightened and made more severe; thus, Plaintiff is entitled to exemplary damages.

   **WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), not including interest, attorney fees, and costs.

## COUNT III
## VIOLATION OF PLAINTIFF'S EQUAL PROTECTION RIGHTS UNDER THE FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983 AS TO ALL DEFENDANTS

46.  Plaintiff realleges and incorporates by reference each and every paragraph of

this Complaint as though fully set forth herein.

47.    The Fourteenth Amendment to the United States Constitution provides that no person shall be denied the equal protection of the laws and further states that no person shall be treated differently from others because of their race.

48.    Under the Fourteenth Amendment to the United States Constitution, Plaintiff has the right as a public school student to personal safety and security, bodily integrity, freedom from physical and emotional harm, freedom from bullying, due process of law, and equal protection of the laws, regarding his race.

49.    Plaintiff was physically assaulted and battered by school officials and was repeatedly harassed and threatened by students and staff at other times because of his race.

50.    Complaints about the racially motivated discrimination were ignored by Defendants and otherwise deprived Plaintiff of his constitutional rights to due process, equal protection of laws, and an education despite his being part of a racial minority.

51.    Defendants subjected Plaintiff to violations of his rights to personal safety and security, bodily integrity, freedom from physical and emotional harm, freedom from bullying, due process of law, and equal protection of the laws by protecting the perpetrators of the discrimination and doing nothing to put an end to the discrimination happening to Plaintiff.

52.    Complaints made on Plaintiff's behalf as to the discrimination actions were ignored.

53.    Defendants acted with deliberate indifference by failing to ensure that discrimination based on race did not occur.

54.    Plaintiff suffered harassment, discrimination, and bullying because of his race; all to which Defendants turned a blind eye and permitted to continue.

55.    As a direct and proximate result of Defendants' actions and/or inactions, Plaintiff suffered injuries and damages.

56.    Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, including interest, costs, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorney fees, and costs.

## COUNT IV
## VIOLATION OF THE MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT--RACIAL DISCRIMINATION AS TO ALL DEFENDANTS

57.    Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

58.  Defendant Whittemore-Prescott Area Schools is an educational institution within the meaning of the Michigan Elliot-Larsen Civil Rights Act ("ELCRA").

59.  Defendants Klatt and Markille were agents of Defendant Whittemore-Prescott Area Schools within the meaning of the ELCRA.

60.  Plaintiff is an African-American male and is a member of a protected class under the ELCRA.

61.  Plaintiff was subjected to discriminatory practices by Defendants and their employees, agents, and/or servants.

62.  Had Plaintiff been Caucasian, he would not have been subject to the above-described harassment, unfair treatment, and unfair discipline, and would not have otherwise been treated in the manner described herein by Defendants.

63.  Plaintiff was treated differently for the same or similar conduct than similarly-situated non-minority students and these Defendants took actions that were adverse to Plaintiff's education and discriminated against Plaintiff because of his race.

64.  Plaintiff was subjected to a hostile educational environment in the form of degrading, demeaning, humiliating, and offensive treatment, statements, and conduct toward Plaintiff by Defendants and their employees, agents, and/or servants.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorney fees, and costs.

## COUNT V
## GROSS NEGLIGENCE
## AS TO DEFENDANTS KLATT AND MARKILLE

65. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

66. The governmental agency that employed Defendants was engaged in the exercise or discharge of a governmental function; and at all relevant times mentioned herein, Defendants were engaged in the exercise or discharge of a governmental function.

67. Defendants' conduct amounted to gross negligence that was the proximate cause of Plaintiff's injuries and damages.

68. Defendants' actions and/or inactions were such that they completely ignored the potential risks of injury to Plaintiff.

69. At the time of the incidents complained of, Defendants were employees and/or agents of Whittemore-Prescott Area Schools and therefore had a duty to perform their employment activities so as not to endanger or cause harm to Plaintiff.

70.     Notwithstanding these duties, Defendants breached their duties with deliberate indifference and gross negligence and without regard to Plaintiff's rights and welfare, which caused serious injuries and damages to Plaintiff.

71.     Defendants knew or should have known that by breaching these duties, harm would come to Plaintiff.

72.     Defendants engaged in conduct so reckless as to demonstrate a substantial lack of concern for whether an injury resulted; thereby causing Plaintiff to sustain injuries and damages.

73.     That as a direct and proximate result of Defendants' indifferent/grossly negligent acts and/or omissions, Plaintiff sustained damages and injuries.

74.     Defendants' actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe; thus, Plaintiff is entitled to exemplary damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), not including interest, attorney fees, and costs.

## COUNT VI
## NEGLIGENCE AS TO DEFENDANT MARKILLE

75.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

13

76.   At all relevant times, Defendant Markille owed to Plaintiff the following duties and obligations including but not limited to the following:

a.   Ensuring that Plaintiff was not discriminated against because of his race;

b.   Ensuring that Plaintiff was not segregated or otherwise not allowed to freely participate in educational activities because of his race;

c.   Ensuring that she took appropriate steps to end discriminatory and/or harassing acts from taking place against Plaintiff and to ensure she did not engage in same;

d.   Ensuring that Plaintiff received educational services free from racial animus, discrimination, and harassment;

e.   Ensuring that her actions did not violate Plaintiff's constitutional rights; and

f.   Ensuring that she adhered to and followed applicable state and federal laws prohibiting discrimination and harassment based on race; and

77.   Defendant Markille breached all of the aforementioned duties and obligations as well as those not herein mentioned.

78.   As a direct and proximate cause of Defendant Markille's actions and/or inactions, Plaintiff suffered injuries and damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), not including interest, attorney fees, and costs.

## COUNT VII
## CONSTITUTIONAL VIOLATIONS UNDER *MONELL* AS TO DEFENDANT WHITTEMORE-PRESCOTT AREA SCHOOLS

79.    Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

80.    Acting recklessly, intentionally, and/or with deliberate indifference, Defendant practiced and/or permitted customs, practices, and/or policies which resulted in violations of Plaintiff's constitutional rights.

81.    Defendant's policies, practices, procedures, and/or customs resulted in the violations of Plaintiff's constitutional rights as complained of herein.

82.    Defendant's failure to enact other policies, practices, and/or procedures also resulted in violations of Plaintiff's constitutional rights as complained of herein.

83.    The customs, policies, and/or practices included, but were not limited to, the following:

    a.    Failing to train and/or supervise its employees and/or agents so as to prevent violations of citizens' constitutional rights;

b.    Failing to train and/or supervise its employees and/or agents so as to prevent the unlawful or unconstitutional uses of force;

c.    Failing to train and/or supervise its employees and/or agent to ensure that its students were not subjected to unconstitutional actions/inactions by its employees;

d.    Failing to train its employees and/or agents in the proper procedures and policies regarding students' constitutional rights and the protection of same;

e.    Failing to supervise and/or train its employees whom Defendant knew were violating or were prone to violating students' rights;

f.    Failing to conduct adequate, timely, and/or thorough investigations to ensure the protection of students and/or take affirmative action to ensure students safety and assure that students' rights are protected and/or preserved; and

g.    Failing to train and/or supervise its employees and/or agents in identifying, addressing, and/or preventing harassment and/or bullying of students by administrators, staff, and/or teachers.

84.    Defendant was deliberately indifferent to the foreseeable consequences of its herein-described acts and/or omissions; and demonstrated a substantial lack of concern for whether injuries resulted to Plaintiff.

85.    Defendant's herein-described acts and/or omissions violated Plaintiff's rights to personal safety and security and bodily integrity; and his right to be free from physical and/or emotional harms and injuries.

86.    As a direct and proximate result of the herein-described acts and omissions of Defendant, Plaintiff suffered injuries and damages.

87.    Defendant's herein described acts and/or omissions and/or deliberate indifference were the direct and proximate cause of Plaintiff's injuries.

88.    Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. § 1983 and § 1988.

   **WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees, together with any other relief in law or equity which this Court deems just.

### COUNT VIII
### VIOLATION OF TITLE VI, 42 U.S.C. § 2000d
### AS TO ALL DEFENDANTS

89.    Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

90.  42 U.S.C. § 2000d, commonly referred to as Title VI and its implementing regulations, prohibit discrimination in a federally funded school on the basis of a student's race.

91.  Specifically, 42 U.S.C. § 2000d provides that "Mo person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance," and thereby confers a private right of action on the Plaintiff.

92.  Defendant Whittemore-Prescott Area Schools is a recipient of federal funds.

93.  Defendants knew or should have known of the denial of such benefits to Plaintiff at Whittemore-Prescott Area Schools on the basis of race.

94.  Racial hostility permeated with such severity and pervasiveness as to negatively impact Plaintiff's rights under Section 2000d.

95.  Plaintiff suffered injuries and damages because of the racial discrimination and/or harassment taken against him.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), not including interest, attorney fees, and costs.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES


**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated: November 29, 2023
SCC/

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

D.W., JR., by and through his
Next Friend, LENA PATIERNO,

     Plaintiff,

v.                                        CASE NUMBER:
                                        HONORABLE:

WHITTEMORE-PRESCOTT AREA SCHOOLS,
LORI KLATT, and DOROTHY MARKILLE,
in their individual and official capacities,

     Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
_____/


## DEMAND FOR TRIAL BY JURY

**NOW COMES** Plaintiff, by and through her attorneys, CHRISTOPHER

TRAINOR & ASSOCIATES, and hereby males a demand to trial by jury in the

above-entitled cause.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES


**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  November 29, 2023
SCC/