UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.W. JR, by and through his Next Friend,
LENA PATIERNO,

                Plaintiff,

v.

WHITTEMORE-PRESCOTT AREA
SCHOOLS, LORI KLATT, and
DOROTHY MARKILLIE,

                Defendants.

_____/

Case No. 2:23-CV-13038
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

**A.    Background**

On November 30, 2023, Plaintiff D.W., Jr., by and through his Next Friend,

Lena Patierno, brought this action against Defendants Whittemore-Prescott Area

Schools, Lori Klatt, and Dorothy Markillie.  Defendants have sought a mental

examination of Plaintiff, who is a 10-year-old minor with ADHD, by Defendant's

expert, Robert Fabiano, Ph.D.  Plaintiff does not dispute the ability of Defendants

to obtain a mental examination, but requests that the examination occur under

certain conditions. The parties have been unable to agree on the terms of the

examination and, on March 6, 2025, Plaintiff filed a motion for a protective order.

(ECF No. 34.)  Judge Parker referred the motion to me "for a hearing and

determination pursuant to 28 U.S.C. § 636(b)(1)(A)."  (ECF No. 38.)  I conducted

a hearing on April 15, 2025.

**B.    Order**

Upon consideration of the motion papers and oral argument, and for all the

reasons stated on the record by the Court, <u>which are hereby incorporated by</u>

<u>reference as though fully restated herein</u>, Plaintiff's motion for a protective order

(ECF No. 34), as framed by the joint statement of resolved and unresolved issues

(ECF No. 42), is **GRANTED IN PART AND DENIED IN PART**, as follows:

(1) **Plaintiff D.W., Jr.'s mother shall be permitted to be present during the medical examination.**

Defendants have established, and Plaintiff agrees, that there is "good

cause" for the examination under Fed. R. Civ. P. 35.  Under the

circumstances, the Court also finds "special need" or "good reason,"

*Sultan v. Roush Indus. Inc.,* No. 08-11002, 2008 WL 5188818, at *2

(E.D. Mich. Dec. 10, 2008) (and citations therein), to justify the presence

of Plaintiff's mother, particularly in light of the examinee's age and

ADHD diagnosis. *See Gohl v. Livonia Pub. Sch.,* No. 12-15199, 2015

U.S. Dist. LEXIS 40081, at *14-19 (E.D. Mich. Mar. 15, 2015)

(Goldsmith, J.).  The Court cautions counsel that the mother is there to

simply observe, and that she may not "interfere with [the] examination

[or integrity of the process] or otherwise act inappropriately," as any such

interference or behavior would "run the risk of significant sanctions, including the 'risk of being assessed costs for a failed examination.'" *Gohl,* at *16 (quoting *Ardt ex. rel. Parker v. Allstate Ins. Co*., No. 09-14247, 2011 U.S. Dist. LEXIS 19563, at *2 (E.D. Mich. Feb. 28, 2011). To the extent the examiner requests the mother's help encouraging her child to participate in the examination, she may engage in that limited manner.

**(2) The medical examination shall not be recorded.**

The Court is persuaded by the concerns articulated by Defendants that recording the examination is contrary to the standards of the medical examiner and could interfere with the integrity of the examination.  The presence of Plaintiff's mother should sufficiently alleviate the concerns raised by Plaintiff and Plaintiff has not shown good cause for the additional precaution of a recording.

**(3) Plaintiff's Next Friend should not be interviewed and/or examined.**

The Court will not allow the examination or questioning of the Next Friend.  Defendants could have asked additional, medical background related questions of the mother during her deposition or could have obtained an expert earlier to help prepare questions for the deposition.

The Court will not permit what would appear to be a second, duplicative, off-the-record, unrepresented interview of her.

**(4)  The medical examination's cancellation fee shall be enforced.**

Plaintiff's request for a waiver or reduction of the examination cancellation fee is denied without prejudice. Plaintiff is concerned that the cancellation fee would be unreasonable if an unavoidable illness or conflict arises, but the Court will not rule on this concern in the abstract. Plaintiff is required to take all precautions and arrangements necessary for the examination to proceed as scheduled. If Plaintiff causes the examination to be canceled, and the parties do not agree on the cancellation penalty, the Court can revisit the issue at that time.

**(5) The examiner's deposition fees shall be limited.**

Defendants' expert proposes to charge $1650 per hour for his deposition fee, and Defendants have not cited a single case where a court has allowed such a high rate.  The Court has considered Dr. Fabiano's *curriculum vitae* and finds that although his qualifications are eminent and impressive, the Court cannot find sufficient support to justify a $1650 per hour rate. The Court is more persuaded by the case law provided by Plaintiff and will reduce the hourly rate for the deposition to $800 per hour, which is itself a generous rate reflecting Dr. Fabiano's

qualifications and experience.  As to the preparation time, the Court is persuaded that reasonable preparation time is recoverable under Rule 26 for the reasons extensively addressed on the record, *see Cohen v. Jaffe, Raitt, Heuer, and Weiss*, 322 F.R.D. 298, 300-301 (E.D. Mich. 2017), and will allow a maximum of two hours of preparation time to be billed to Plaintiff, at an hourly rate not to exceed $800 per hour.  However, Defendant or its examiner may not bill Plaintiff for preparation time spent with defense counsel in preparation. *Id*., 322 F.R.D. at 302.

**(6) The medical examiner's income must be released prior to the discovery deposition.**

Defendants have agreed, and the Court orders, that Dr. Fabiano must produce the "proof of income relating to conducting medical [or mental health] examinations for the last four calendar years" (ECF No. 35-1, PageID.308) at least seven calendar days prior to any mutually agreed-upon deposition date.

No costs will be awarded to either side, as neither side wholly prevailed in their position.  *See* Fed. R. Civ. P. 37(a)(5).

**IT IS SO ORDERED.**[1]

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated:  April 15, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE